**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN EADE; JAE EADE; HUMBOLDT WEST, INC., | No. 17-15868 |
| Plaintiffs-Appellants, | D.C. No. 5:16-cv-01414-NC |
| v. | |
| TRES PINOS WATER DISTRICT; ROBERT FRUSETTA; EDWARD SCHMIDT, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted October 15, 2018
San Francisco, California

Before: THOMAS, Chief Judge, KLEINFELD, Circuit Judge, and WU,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

John and Jae Eade and Humboldt West, Inc. ("Landowners"), appeal from the district court's dismissal of the complaint against Tres Pinos Water District ("District") and two of its directors, Robert Frusetta and Edward Schmidt, for lack of subject matter jurisdiction. We affirm. Because the parties are familiar with the history of this case, we need not recount it here. We review an order of dismissal for unripeness *de novo*, *Hoehne v. Cty. of San Benito*, 870 F.2d 529, 531 (9th Cir. 1989), and we may affirm on any basis supported by the record, *ASARCO LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

The Landowners' claims against the District for refusing water service connections are not ripe because there has neither been a request nor denial of water service. *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 190–91 (1985). The Landowners argue that because the District has not revoked a water moratorium enacted in 1989, and re-enacted in 1999, the District has effectively denied their permit. However, "[t]he mere existence of a statute, which may or may not ever be applied to plaintiffs, is not sufficient to create a case or controversy within the meaning of Article III." *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1027-28 (9th Cir. 2007) (quoting *Stoianoff v. State of Mont.*, 695 F.2d 1214, 1223 (9th Cir. 1983)) (internal quotations omitted). The futility exception does not apply because the District did

2

grant the Landowners a conditional permit and has granted other permits to others. Thus, on this record, the claims that the District has unconstitutionally denied them water service is not ripe, and we lack jurisdiction over these claims.

The claims that the District, and Frusetta and Schmidt, unconstitutionally opposed the development project before the San Benito Planning Commission, appealed the Commission's decision, and improperly testified before the San Benito Board of Supervisors is barred by the *Noerr-Pennington* doctrine. The *Noerr-Pennington* doctrine derives from the First Amendment's guarantee of "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. Under the *Noerr-Pennington* doctrine, those who petition a governmental entity for redress are generally immune from liability for their petitioning conduct. *Kearney v. Foley & Lardner,* LLP, 590 F.3d 638, 644 (9th Cir. 2009); *Empress LLC v. City & Cty. of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2000).

The question of whether the San Benito Board of Supervisors ("Board") improperly denied the Landowners' proposed development project is not before us. Neither San Benito County nor the Board is a party to this litigation, and the Landowners make no allegations in this case concerning the specific denial of the development project by the Board. Therefore, we need not decide whether the

filing of a state writ of mandamus from the Boards' decision was required to establish the finality of that decision under *Williamson.*

Given our resolution of this appeal, we need not–and do not–decide any other issues presented by this case, including whether the Landowners have a cognizable property interest to state a claim under the Due Process Clause. *See, e.g., Bank of Am. Nat. Tr. & Sav. Ass'n v. Summerland Cty. Water Dist.*, 767 F.2d 544, 548 (9th Cir. 1985) (holding that potential water use is not a property interest under California law and, therefore, could not give rise to a claim of deprivation of due process).

**AFFIRMED.**